# IN THE COURT OF APPEALS OF IOWA

No. 18-0801
Filed February 20, 2019

**JOHN WILLIAM ANDERSON,**
      Plaintiff-Appellant,

**vs.**

**UNIVERSITY OF IOWA and BOARD OF REGENTS, STATE OF IOWA,**
      Defendants-Appellees.
_____

      Appeal from the Iowa District Court for Polk County, David May, Judge.


      John Anderson appeals the grant of summary judgment in favor of defendants. **AFFIRMED.**


      John Anderson, Tama, pro se appellant.

      Thomas J. Miller, Attorney General, and George A. Carroll, Assistant Attorney General, for appellee.


      Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

On June 28, 2017, John Anderson filed a "Petition" in the Iowa District Court for Polk County asking for permission to refile a lawsuit he had previously filed in the Johnson County district court. Defendants filed a motion for summary judgment asserting Johnson's claims were barred by the doctrine of res judicata and the applicable statute of limitations. In its order granting summary judgment in favor of the defendants, the district court found:

> In this case, Plaintiff John Anderson requests "permission to refile" a lawsuit he previously litigated and lost in the Iowa District Court for Johnson County (CVCV075098) and in the Iowa Supreme Court (15-1768).[1] *See* Petition, p. 1 (06/28/2017) ("Plaintiff is asking the Polk County district Court for permission to refile."); *see generally id.* pp. 1-2 (using the term "refile" or "refiling" at least five times).
> Defendants have moved for summary judgment. They claim Mr. Anderson's suit is barred by *res judicata*. Under that doctrine, "[a]n adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination." *Pavone v. Kirke*, 807 N.W.2d 828, 835–36 (Iowa 2011). A plaintiff cannot bring two lawsuits to redress "the same wrong." *Id.*
> The Court agrees with Defendants. This case involves the same parties as the Johnson County case. Moreover, as Mr. Anderson properly conceded at oral argument, both cases are about the same wrongs, namely, the University of Iowa's alleged mistreatment of Mr. Anderson, including certain offensive e-mails. Therefore, *res judicata* applies.

Upon our review, we agree with the district court. We affirm without opinion pursuant to Iowa Rule of Appellate Procedure 6.1203(a) and (d).

**AFFIRMED.**

---

[1] The Johnson County suit was filed in 2012 and dismissed after summary judgment was granted in favor of defendants on September 23, 2015. Johnson's appeal was dismissed by the supreme court on September 23, 2016.